**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**SAMWAIL NAGUIB**,

    *Petitioner*,

    v.                                                                        Case No. 2:26-cv-02747-BCL-atc

**CHRISTOPHER BULLOCK**,
Field Office Director of U.S. Immigration
and Customs Enforcement, New Orleans
Field Office,

    *Respondent*.

---

**ORDER DENYING MOTION TO ENFORCE JUDGMENT**

---

Petitioner filed on June 25, 2026, a petition under Section 2241, Title 28 of the United States Code, by which he sought either (1) "immediate release from immigration custody" or, in the alternative, (2) "a prompt individualized custody hearing before a neutral adjudicator." Doc. 1 at 8. The Government agreed, stating that, "[i]n accordance with the remedy affirmed in *Lopez-Campos* [*v. Raycraft*, 2026 WL 128391 (6th Cir. 2026)], the Court should order that Petitioner be provided a custody redetermination hearing within 10 days, and if that does not occur, Petitioner should be released from custody." Doc. 9 at 3. On July 6, the Court ordered "Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **ten days** of the date of this order or, in the alternative, release from custody." Doc. 12 at 3. Petitioner has now filed a motion titled "Motion to Enforce Judgment" (Doc. 14), by which he seeks immediate release from custody. For the reasons explained here, that Motion is **DENIED**.

1

All agree that "proceedings" were held before an Immigration Judge on July 15, 2026. Doc. 18 at 2; Doc. 19 at 1. The Immigration Judge denied bond because Petitioner had not produced evidence supporting his request for release on bond: "Denied, because [Petitioner] failed to meet their burden as to flight." Doc. 18-1 at 1.  But, Petitioner argues, this was not truly a bond hearing as required by this Court's order and due process because Petitioner was neither provided notice in advance of the hearing nor given an opportunity to consult with counsel in advance of the hearing. Doc. 14 at 2. *See generally* Doc. 14. Petitioner has not attached materials from the Executive Office for Immigration Review's case information system, despite stating he has done so.

By providing a bond hearing, Respondent did comply with this Court's order and, for that reason, Petitioner's Motion to enforce judgment must be denied. *See* Doc. 12 at 3 (Plaintiff's Petition for Writ of Habeas Corpus is GRANTED to the extent that the Court ORDERS Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 116(a) within ten days of the date of this order or, in the alternative, release from custody."). Petitioner's new argument concerns the process and resulting outcome of that hearing, neither of which obviates the fact that the hearing (whatever its flaws) was held as ordered.

If Petitioner is displeased with the bond hearing already held, the ball is in his court: He has already reserved the right to appeal to the Board of Immigration Appeals (Doc. 18 at 2), and he also may be able to file a new request for bond redetermination, as has been allowed in other cases in which bond hearings were set on short notice following a court order. *See Aguilar v. Bullock*, No. 2:26-CV-02563-BCL-CGC, 2026 WL 1987574, at *1 (W.D. Tenn. June 24, 2026).

But, to present purposes, for at least three independent reasons, the Court cannot now go further and adjudicate the propriety of the hearing that was held.

First, because the Immigration Judge based his decision on a lack of evidence (and not, say, a perceived statutory bar to relief now being challenged), this Court lacks jurisdiction to review the decision under 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). That may be true for all of Petitioners' arguments, but it is certainly true for any argument that the hearing failed to comply with statutory requirements or that the Immigration Judge mis-weighed the evidence.

Second, the doctrine of prudential exhaustion bars review because Plaintiff can appeal the Immigration Judge's decision to the Board of Immigration Appeals. *See Senuan v. Bullock*, No. 2:26-CV-02342-BCL-TMP, 2026 WL 1133204, at *2 (W.D. Tenn. Apr. 3, 2026) (summarizing doctrine); *Leonardo v. Crawford*, 646 F.3d 1157, 1159-60 (9th Cir. 2011) (ordering dismissal of petition seeking review of bond determination due to failure to exhaust review before the BIA). Petitioner argues that exhaustion is not required because his bond hearing was constitutionally deficient. Whatever the merit of the rule excluding some constitutional arguments from the need (even prudential) for exhaustion, case law makes clear that it does not extend to situations—like this one—where the alleged constitutional error is a procedural issue that the BIA could correct (as opposed to, say, a facial challenge to the statutes administered by the BIA). *See Sterkaj v. Gonzales,* 439 F.3d 273, 279 (6th Cir. 2006) ("[T]he alien must raise correctable procedural errors to the BIA."). Particularly in a case like this one where the petitioner also makes a statutory argument, to hold otherwise would both undermine exhaustion doctrine (and the separation of

3

powers it protects) and contravene the basic principle that statutory issues should be resolved before constitutional ones (which likewise serves in part to protect the separation of powers by leaving room for the political branches to act).[1] *New York v. Class*, 475 U.S. 106, 110 (1986); *see Ashwander v. TVA*, 297 U.S. 288, 346–347 (1936) (Brandeis, J., concurring).

*Third*, in keeping with Respondent's technical satisfaction of the Court's judgment and with the separation of powers, any in-court challenge to the Executive Branch's new bond determination should be asserted via a new petition or other proceeding. The earlier filing of the habeas petition challenging the refusal to provide Petitioner with a bond hearing does not itself give this Court authority to generally superintend, through post-decision motions, Petitioner's interactions with immigration officials, whether generally or as related to bond.

## CONCLUSION

Plaintiff's Motion to Enforce Judgment is **DENIED**.

**IT IS SO ORDERED**, this 29th day of July, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

---

[1] The undersigned has repeatedly followed other courts in noting that prudential exhaustion does not apply to constitutional claims because the BIA cannot adjudicate them. Under the existing case law, that is plainly true where the plaintiff asserts what amounts to a facial challenge to a law the BIA is tasked with administering. *See Bangura v. Hansen*, 434 F.3d 487 (6th Cir. 2006). It is less obvious that it is true when the petitioner asserts an as-applied challenge that does not threaten the statute itself but only its application to the petitioner. The Constitution, after all, applies to all branches and its interpretation is a three-branch project—meaning that the Executive likewise is entrusted with interpreting the constitution and acting accordingly. Courts should not jump to deprive it of the chance to do so. But the Court need not reach that issue here for the reasons stated in the text.